UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x

UNITED STATES OF AMERICA,

    -against-

SAMUEL ISRAEL III,

    Defendant.
———————————————————————x

TOKS, INC.
TC COMPANY (wholly owned subsidiary of TOKS)

    Co-Defendant/Intervenor-Applicant
———————————————————————x

05 CR 1039 (CM)
05 Civ. 8532 (CM)

### ORDER DENYING TOKS MOTION FOR LEAVE TO INTERVENE

McMahon, J.:

    This court has received a Motion from TOKS, Inc. And TC Company for leave to intervene in the above-captioned action.

    The above-captioned action is a criminal case. I have never had anyone ask for leave to intervene in a criminal case before – and as a defendant, no less. This is a first for me – and, I suspect, for the federal courts (although I suppose stranger things have happened).

    I realize the motion was made "returnable" on April 28,[1] and the Government has not yet responded. I also realize that the motion has not yet been docketed by the Clerk of the Court, which has never seen such a motion and does not know what to do with it. Constrained by my desire to save taxpayer funds, and to spare the Clerk's Office further difficulty, I am going to cut the Gordian Knot and deny the motion sua sponte, on the ground that no one has a right to intervene in a criminal action. The Federal Rules of Civil Procedure do not apply in criminal cases, so Fed. R. Civ. P 24(a) and (b), which TOKS invokes, do not authorize any such application. The only way I know of that a person or corporation can become a defendant in a criminal case is for the Government to initiate a prosecution, either by filing a criminal complaint

---

[1] Mr. Ogunjobi has obviously not read this court's rules. I do not permit movants to set their own "return dates." I set the return dates.



or by presenting the case to a grand jury for indictment. A party cannot "volunteer" to become a criminal defendant. If TOKS wants to become a defendant in Mr. Israel's criminal case, the Government will just have to bring criminal charges against the proposed intervenors in the old-fashioned way.

But of course Mr. Ogunjobi is proceeding without counsel, so I must construe his pleadings liberally. I see that, appended to the caption on his motion, are two index numbers: one criminal and one civil. It may be that the proposed intervenors are trying to intervene in one or more of the many civil actions involving the loss of money by the investors in the Bayou Family of Funds, all of which, I believe, are pending before me. I will, therefore, treat the motion as a motion for leave to intervene in <u>Gleason v. Bayou Management LLC</u>, 05 Civ. 8532 (CM). The <u>Gleason</u> case is a class action brought pursuant to Fed. R. Civ. P. 23. If that was his intention, then I have to deny the motion as well.

I have received many, many communications by facsimile from TOKS' chairman and Chief Executive Officer, Ade O. Ogunjobi, over these past months. I did look forward to meeting him, so that he could explain to me why I should permit TOKS to acquire all the assets of the Bayou Family of Funds and to engage in a "transaction" involving those assets – one that, according to a fax received recently, "has GOD all over it." I was also curious about why it would be appropriate for Mr. Ogunjobi (who has never suggested that he is a member of the Bar) to "take over as the legal firm that will oversee the purchase or buy-out of Bayou Managment from Mr. Samuel Israel III." So when he faxed me a letter earlier this month (I believe on April 5), alerting me to his intention to move for leave to intervene (which motion was filed on April 3, although the papers in support of the motion were not received in chambers until yesterday), I enthusiastically sent a return fax to the number on all of TOKS' communications with the court, directing Mr. Ogunjobi to appear before me at a pre-trial conference that was being held yesterday, April 18, so that I could consider his motion and ask him some pertinent questions.

Unfortunately, Mr. Ogunjobi did not come to yesterday's conference to prosecute his motion, as directed by the court. Moreover, he has not presented me with his credentials as an attorney. In this court, a corporation cannot appear pro se; it must hire an attorney to represent it, and the attorney must either be a member of the Bar of this Court or apply for admission pro hac vice. Because Mr. Ogunjobi has not established that he is an attorney, let alone a member of the Bar of this Court, and because if he is an attorney he has not filed a motion for admission pro had vice, I am constrained to deny his motion. It must also be denied for failure to prosecute it in accordance with the court's direction.

The latest development occurred this morning, when an attorney from an extremely reputable New York City law firm (Cadwalader, Wickersham & Taft, LLP) arrived in Part I considerably puzzled by a fax his firm had just received from Mr. Ogunjobi, announcing that Cadwalader and the equally eminent and reputable firms of Jones Day LLP and Willkie, Farr and Gallagher LLP "will be retained to provide all legal services to Toks, Inc. and TC Company." Like the messages sent in certain well-known criminal "scams," the message sent to the three law firms indicates that if they do not immediately notify Mr. Ogunjobi that they do not with their "name being divulged as part of the legal team," they will be publicly identified as the

lawyers for TOKS. In other words, if they don't indicate that they are out, they are automatically in.[2]

Needless to say, Cadwalader had never heard of proposer intervenors or Mr. Ogunjobi. The firm does not represent them and has no intention of doing so. I rather imagine that Jones Day and Willkie Farr will react to Mr. Ogunjobi's fax in the same fashion. Therefore, the identification of counsel to "represent" Mr. Ogunjobi's companies does not cure the defect in the motion for leave to intervene.

But even if the proposed intervenors appeared by counsel, I would deny the motion with prejudice. The "transaction" proposed by Mr. Ogunjobi (without which TOKS has no interest in the Bayou litigation) is, on its face, completely illogical and not at all in the interest of the Bayou creditors. The text of the motion itself renders that proposition *res ipsa loquitur*.

There will be no proceeding before this court on April 28.

The Clerk of the Court is directed to docket the motion under the Gleason docket number, not under the docket number for Mr. Israel's criminal case. The Clerk should also docket this decision and order denying the motion for leave to intervene under the Gleason docket number.

Because an order denying leave to intervene is a final order, Mr. Ogunjobi is free to take an appeal from my adverse decision to the United States Court of Appeals for the Second Circuit.

Finally, I am formally referring this matter of TOKS to the United States Attorney for the Southern District of New York for investigation and possible prosecution. Mr. Ogunjobi may simply be a confused individual, but he also may be engaged in some nefarious scheme. Now that he has started sending faxes to persons who have nothing to do with the Bayou litigations, purporting to involve them in his plans, it is time for the Government to look into his activities.

Dated: April 19, 2006

_____
U.S.D.J.

DISTRIBUTION LIST ATTACHED

---

[2] Actually, the fax received by the law firms does not give them an "out." It just indicates that their enforced participation in whatever Mr. Ogunjobi is up to will be kept secret if they wish.

BY FIRST CLASS MAIL TO:
    Ade O. Ogunjobi, 721 West Coolidge #2, Phoenix, AZ 85013

BY FAX TO ALL COUNSEL IN THE BAYOU FAMILY OF ACTIONS

BY FAX TO
    Grant B. Hering, Esq. (212-504-6666)
    Jack H. Nusbaum, Esq.
    Stephen J. Brogan, Esq.